## UNITED STATES v. SOUTHERN RY. CO.

(District Court, E. D. Tennessee, N. D. November 6, 1923.)

No. 169.

Carriers ⚖=37—Railroad, to have "knowingly and willfully" failed to comply with Twenty-Eight Hour Law, must have purposely and intentionally disregarded statute.

Railroad does not "knowingly and willfully" violate Twenty-Eight Hour Law (Comp. St. §§ 8651–8654), unless, with knowledge that statute is about to be violated, it purposely and intentionally disregards statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Knowingly and Willfully.]

At Law. Action by the United States against the Southern Railway Company. Dismissed.

Geo. C. Taylor, U. S. Atty., of Knoxville, Tenn.

Smith, Word & Anderson, of Knoxville, Tenn., for defendant.

HICKS, District Judge. This is a suit to recover the statutory penalty for an alleged violation of what is popularly called the Twenty-Eight Hour Law (Comp. St. §§ 8651–8654). It was heard by the court without a jury. The case alleges that the defendant knowingly and willfully confined a carload of hogs in a railroad car for a period of more than 36 consecutive hours, to wit, 38 hours, without unloading said hogs for any period of rest, water, and feeding. The defendant admits that they were so confined for 38 hours, so that the only question to be determined by the court is whether or not such confinement was caused by the defendant having knowingly and willfully failed to comply with the provisions of the act.

The facts are that this carload of hogs was loaded at Radnor, Tenn., a point west of Chattanooga, on the Nashville, Chattanooga & St. Louis Railroad. They were transported over the Nashville, Chattanooga & St. Louis Railroad, and were delivered to the defendant at Chattanooga, to be transported to Asheville. There were eight other cars of hogs in the same train. When the train arrived at Knoxville, one of the yard clerks undertook to check the waybill for each of these cars. The purpose of the checking was to see whether the cars had time to reach the next established feeding station within the statutory period. The yard force at Knoxville at that particular time was somewhat demoralized by reason of the nation-wide railroad strike. The supervisor of this force or department was, in the emergency, working in the shops. One of the clerks under him seems to have undertaken to check these eight cars of hogs. He simply overlooked this particular car, and let it get by when he should have stopped at Knoxville. Mr. W. D. Post, the division superintendent of the defendant and the only witness in the case, testifies:

"Our conclusion was that he did not give every waybill as careful consideration as he should, or this one car would have been caught."

This makes a case of mere oversight or neglect. It does not make a case of knowingly and willfully failing to comply with the provisions of the statute. The word "willfully" means purposely, and I think the statute is directed to a situation where the carrier, with knowledge that the statute is about to be violated, purposely and intentionally disregards it. I am aware that there is a conflict of judicial opinion upon the construction of the terms "knowingly and willfully" used in this statute, but I am better satisfied to follow those courts holding the above view.

A case on all fours is the case of United States v. Philadelphia & R. Railway (D. C.) 223 Fed. 213. The headnote reflects the opinion, and is as follows: "Act June 29, 1906, c. 3594, 34 Stat. 607 (Comp. St. 1913, §§ 8651–8654), prohibiting carriers in interstate commerce from confining animals in cars longer than a specified time without unloading for rest, water, and feed, and declaring that any carrier knowingly and willfully failing to comply with the act shall be liable to a penalty, imposes on a carrier the performance of a duty primarily resting on the owner to feed his own stock, and a failure to obey the act is not made punitive unless it is with knowledge and is willful, and a carrier confining animals in cars beyond the time limited, through a clerical error of the receiving clerk failing to note the loading time at initial point and to mark the shipment for unloading at a point for unloading for rest, water, and feed, is not subject to the penalty, because the carrier's act was not knowingly and willfully committed." See, also, United States v. Lehigh Valley R. R. Co., 204 Fed. 705, 123 C. C. A. 9, and cases therein cited.

The result is the suit is dismissed, and following the rules counsel will draw an order in accordance herewith.